UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JEFFREY RODMAN, :
:
                    Plaintiff, :      14-CV-1102 (JMF)
:
      -v- :      MEMORANDUM OPINION
:            AND ORDER
STRYKER SALES CORP. ET AL., :
:
                    Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Jeffrey Rodman sues defendants Stryker Sales Corporation, Stryker Corporation, and Howmedica Osteonics Corporation (collectively, "Defendants") for injuries he allegedly sustained as a result of hip replacement surgery on January 4, 2011. (Am. Compl. (Docket No. 13) ¶ 39). Plaintiff's replacement hip included four components, which Defendants played some role in designing, manufacturing, and selling. (*See, e.g.*, *id.*). Almost a year to the day after the surgery, on January 5, 2012, Plaintiff underwent hip revision surgery because the replacement had become "dislocated, sore, painful, swollen, weak and unstable." (*Id.* ¶ 45). Thereafter, he filed the present suit, asserting several strict liability claims (based on a design defect theory, a manufacturing defect theory, and a failure to warn theory) (*id.* ¶¶ 26-61); a claim for negligence (*id.* ¶¶ 62-69); a claim for breach of implied warranty (*id.* ¶¶ 70-83); and a claim for breach of express warranty. (*Id.* ¶¶ 84-98). Defendants now move to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 14).

      When reviewing a motion to dismiss the Court "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *LaFaro v. N.Y.*

*Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (internal quotation marks omitted).[1]  The Court will not dismiss any claims pursuant to Rule 12(b)(6) unless the plaintiff has failed to plead sufficient facts to state a facially plausible claim to relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To state a plausible claim, Plaintiff must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" — a standard that requires "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  If Plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his claims] must be dismissed."  *Id.* at 570.

Applying those standards here, Plaintiff's claims plainly fail as a matter of law.  Under New York law, which the parties agree applies to this case (*compare, e.g.*, Pl.'s Mem 7 *with* Mem. Law Supp. Defs.' Mot. To Dismiss Pl.'s Am. Compl. (Docket No. 15) 4), all six of Plaintiff's claims require that he prove the existence of a defect (in either the product or, in the case of the failure to warn theory, in Defendants' warnings about the product).  *See Goldin v. Smith & Nephew, Inc.*, No. 12-CV-9217 (JPO), 2013 WL 1759575, at *2-6 (S.D.N.Y. Apr. 24, 2013) (reciting the New York Law standards for Plaintiff's six theories of liability); *Reed v. Pfizer, Inc.*, 839 F. Supp. 2d 571, 574-80 & n.6 (E.D.N.Y. 2012) (same).  Plaintiff, however, fails

---

[1]  Moreover, the Court's "review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).  Plaintiff disregards that principle by attaching a brochure to his opposition papers.  (Pl.'s Mem. Law Opp'n Defs.' Mot. To Dismiss Pl.'s Am. Compl., Ex. A ("Pl.'s Mem.") (Docket No. 18); *see also* Reply Mem. Further Supp. Defs.' Mot. To Dismiss Pl.'s Am. Compl. (Docket No. 19) 1-3 & n.1 (arguing that the brochure should be stricken)).  The Court declines to consider the brochure, but notes that, even with the brochure, Plaintiff's claims would fail as a matter of law.

to allege a defect except in the most conclusory terms.  At bottom, in each paragraph of his Amended Complaint, Plaintiff merely names Defendants, the components of the hip replacement, and then one element of the claim being asserted.  That is precisely the sort of "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," that the Supreme Court has made clear is insufficient to survive a motion to dismiss.  *Iqbal*, 556 U.S at 678; *see also Bertini v. Smith & Nephew, Inc.*, No. 13-CV-0079 (BMC), 2013 WL 6332684, at *2 (E.D.N.Y. July 15, 2013) (granting a motion to dismiss a similar set of claims on the ground that the plaintiff's claims were "largely conclusory and amount[ed] to a recitation of the elements of each claim"); *Goldin*, 2013 WL 1759575, at *2-6 (similar).

Plaintiff contends that he "specifically identified the defective condition of the hip implant ([Hydroxyapatite] coating) and how it failed (inadequate bond strength and crystallinity) causing [his] damages (dislocation, pain, soreness, weakness and instability requiring revision surgery)," (Pl.'s Mem. 2), but that is not the case.  *See, e.g.*, *K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013) (noting that a plaintiff cannot amend his or her complaint "by asserting new facts or theories for the first time in opposition to Defendants' motion to dismiss").  In fact, Plaintiff's allegations with respect to the Hydroxyapatite ("HA") coating serve only to illustrate the deficiencies in the Amended Complaint.  (*See, e.g.*, Am. Compl. ¶¶ 42-43, 46-47, 53).  The Amended Complaint merely alleges that Defendants manufactured the devices "in an improper workmanship-like manner, including but not limited to the application of the Hydroxyapatite (HA) coating."  (*E.g.*, *id*. ¶ 42). It does not identify any actual defect in the HA coating, and says nothing about *how* the HA coating, even if defective, caused Plaintiff's injuries.  The closest Plaintiff comes is in the "Notice of Punitive Damages," in which he asserts that hip replacement components

3

manufactured by Defendants were subject to a recall in 2009 because the HA coating "did not meet certain specifications . . . for tensile bond strength and crystallinity." (*Id.* ¶ 100). But "merely alleging that the device was recalled . . . does not suffice to plausibly show that the device itself was defective," *Bertini*, 2013 WL 6332684, at *3; *accord Goldin*, 2013 WL 1759575, at *3, especially where, as here, the recall occurred years before the incident at issue (and presumably with respect to different products). Moreover, nowhere in the Amended Complaint does Plaintiff suggest, let alone allege, that his hip replacement had problems related to "tensile bond strength" or "crystallinity" or that these issues caused his injuries.

In short, Plaintiff's failure to allege the existence of a defect (in the product and in Defendants' warnings about the product), much less support such an allegation with facts sufficient to "nudge[] [the] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, is fatal to the Amended Complaint's ability to survive a motion to dismiss. *See, e.g.*, *Bertini*, 2013 WL 6332684, at *2-6 (granting a motion to dismiss for similar reasons); *Goldin*, 2013 WL 1759575, at *2-7 (same); *Am. Guarantee & Liab. Ins. Co. v. Cirrus Design Corp.*, No. 09-CV-8357 (BSJ) (HBP), 2010 WL 5480775, at *2 (S.D.N.Y. Dec. 30, 2010) ("Plaintiffs do not, however, specify the actual defective component or the nature of the defect. . . . In light of the lack of specificity, the Court may not draw a 'reasonable inference that the defendant is liable for the misconduct alleged' as required by *Twombly* and *Iqbal*."). Accordingly, Defendants' motion to dismiss is GRANTED and Plaintiff's Amended Complaint is dismissed in its entirety.

The Clerk of Court is directed to terminate Docket No. 14 and to close the case.

SO ORDERED.

Date: October 7, 2014
      New York, New York

_____
JESSE M. FURMAN
United States District Judge